OPINION
Defendant Anthony E. Dawson appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, convicting and sentencing him for one count of escape in violation of R.C. 2921.34 after appellant pled no contest. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NUMBER ONE
INCARCERATING A DEFENDANT FOR MISSING A POST-RELEASE CONTROL MEETING AND INDICTING THE DEFENDANT FOR ESCAPE FOR THE SAME ACT VIOLATES THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND FEDERAL CONSTITUTION. [SIC]
 ASSIGNMENT OF ERROR NUMBER TWO
THE POST-RELEASE CONTROL STATUTE IS UNCONSTITUTIONAL DUE TO ITS VIOLATING THE SEPARATION OF POWERS DOCTRINE AND THE DUE PROCESS CLAUSES OF THE OHIO AND FEDERAL CONSTITUTION. [SIC]
 II
Appellant challenges the constitutionality of the post-release control statute contained in R.C. 2967.01 et seq. On July 1, 1999, the parties filed joint stipulations. They indicate appellant was sentenced on February 4, 1997, to six months incarceration. Appellant served his term of incarceration and was released upon post-release control for a three-year period on or about February 14, 1998. On July 17, 1998, the Adult Parole Authority determined that appellant violated terms of his post-release control. Appellant was arrested and charged both as a parole violator and for certain traffic violations. The Adult Parole Authority conducted a hearing at the Guernsey County Jail on August 10, 1998. As a result of the hearing, the Parole Authority re-incarcerated appellant for 49 days, for violating the terms of his post-conviction release control including failing to report to his parole officer. It appears appellant never challenged the imposition of "bad time" pursuant to R.C. 2967.11, and it also appears he completed the bad-time sentence prior to the filing of this appeal. Accordingly, we find we have no jurisdiction to discuss the constitutionality of the statute. The constitutionality of the statute is, in fact, pending before the Ohio Supreme Court. Appellant's appeal is only from the judgment entry convicting and sentencing him for escape. The second assignment of error is dismissed for lack of jurisdiction.
 I
In his first assignment of error, appellant urges the court erred in overruling his motion to dismiss the escape charge pursuant to the double jeopardy clauses of the Ohio and Federal institution. Appellant urges his bad-time incarceration was imposed because he missed a post-release control meeting. The present charge of escape is for the same act. In fact, the revocation of his post-release control and imposition of "bad time" was only partially predicated on Appellant's failure to report to his parole officer. The recovation was part of appellant's prior sentence, and not a new prosecution for the offense of escape. R.C. 2921.34 prohibits any person under detention to purposely break or attempt to break the detention. Prior to 1996, a parolee or probationer could not be convicted of escape for failure to comply with the terms of his probation or parole, but in 1996, the legislature expanded the definition of detention to include persons under the supervision of an employee of the Department of Rehabilitation and Corrections under any type of release from a state correctional institution, see R.C. 2921.01 (E). R.C. 2967.28
specifically authorizes the imposition of a sentence for a "new felony" in addition to sanctions for violations of post-release control. The principles of double jeopardy bar multiple prosecutions for a single offense, see, e.g. State v. Gustafson (1996), 76 Ohio St.3d 425. Here, the record demonstrates appellant was not placed in jeopardy for the offense of escape in the post-release control hearing, and for this reason, the principles of double jeopardy do not apply. The first assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law.
 ________________________ GWIN, P.J.,
FARMER, J., and WISE, J., CONCUR.